# STATE OF OREGON,
*Appellant,*

*v.*

# BRUCE SHUTVET,
*Respondent.*

## (89P-3299; CA A63835)

803 P2d 287

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause and filed the brief for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Helen L. Cooper, Salem, argued the cause for respondent. With her on the brief were Paul M. Ferder and Ferder, Ogdahl, Brandt & Casebeer, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

**EDMONDS, J.**

Defendant was charged with unlawful manufacture, delivery and possession of marijuana. ORS 475.992(1)(a), (4)(a). The state appeals a pretrial order allowing defendant's motion to suppress evidence seized pursuant to a search warrant. We reverse.

The affidavit, dated October 24, 1989, states that the affiant, Detective Manning, had received information from a confidential reliable informant regarding a marijuana growing operation near Pedee. Within the week preceding Manning's application for the warrant, the informant reported that he had been hunting when he saw at least 75 marijuana plants growing in a field. Manning and the informant went to the area, and the informant pointed out where he had seen the plants, but they were unable to see any marijuana or other illegal activity from a lawful vantage point. The informant explained that the plants were concealed and that they could not be seen "without going right up to [the field]." The affidavit recites that the informant had provided police approximately 50 items of information concerning local drug-related activities in the past several months. The police had confirmed the accuracy of that information through independent investigation and had obtained a search warrant based on it. Execution of that warrant led to the seizure of a large quantity of controlled substances and the arrest and conviction of at least three people.

According to the affidavit, in August, 1989, another informant provided information regarding the marijuana growing operation. That information consisted of statements made by another person, who had told the informant that one of defendant's associates had admitted growing marijuana at the location. That person also told the informant that a woman had purchased marijuana there and knew that defendant and his associates grew marijuana there. Manning determined from the assessor's records and the owners that the property was occupied by defendant and two others. He obtained power company records, which revealed inordinately high electrical consumption by the residents, even though the house was heated by a wood stove.

A search warrant was issued and executed, resulting in the seizure of marijuana and related materials. The trial

court granted defendant's motion to suppress. It concluded that, although the affidavit showed probable cause to search the land on which the dwelling was located, it did not show probable cause to search defendant's dwelling or any outbuildings, vehicles or persons on the property, because the information from the August informant was stale.

■ Under ORS 133.545(4),[1] if an affidavit contains hearsay information provided by a confidential informant, it must set forth the basis of the informant's knowledge and facts that demonstrate that the informant is reliable. An informant's reliability can be established by showing that he is credible *or* that the information is reliable. *State v. Alverez,* 308 Or 143, 776 P2d 1283 (1989).

■ Even if we disregard the information from the August informant, the affidavit states that the later informant obtained the information about the field of marijuana through personal observation, which satisfies the first prong of the ORS 133.545(4) test. The second prong also is satisfied, because the affidavit shows that the informant is credible on the basis of previous information he had given to the police. The evidence of high electrical consumption, taken with the other information furnished by the later informant, is sufficient to establish probable cause to search the premises. *See, e.g., State v. Howell,* 93 Or App 551, 763 P2d 179 (1988), *rev den* 307 P2d 405 (1989); *State v. Prince,* 93 Or App 106, 760 P2d 1356, *rev den* 307 Or 246 (1988).

■ The affidavit describes the premises as a residence located on 3.5 acres of land, including a detached storage shed and outbuildings abutting a large parcel of forest land owned by the Federal Bureau of Land Management. The house and land had been rented by defendant for about five years. According to the informant, the plants were growing close to the dwelling. On those facts, we hold that the magistrate also had probable cause to connect the marijuana crop with the occupants of the house. *See, e.g., State v. Anspach,* 298 Or 375, 380-82, 692 P2d 602 (1984). The trial court erred.

---

[1] ORS 133.545(4) provides, in part:

"If an affidavit is based in whole or in part on hearsay, the affiant shall set forth facts bearing on any unnamed informant's reliability and shall disclose, as far as possible, the means by which the information was obtained."

Reversed and remanded.